## UNITED STATES of America, Appellant,

v.

## TRIPLE D, INC.; Douglas Gilman Brown, Sr., d/b/a D & D, Incorporated, and Satellite TV Magazine, Appellees.

### No. 85–5569.

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1986.

Decided Aug. 7, 1986.

---

Lawrence R. Clance, Atty. Advisor, F.C.C. (Jack D. Smith, Gen. Counsel; Daniel M. Armstrong, Associate Gen. Counsel, F.C.C., Washington, D.C., Charles R. Brewer, U.S. Atty., Jerry W. Miller, Asst. U.S. Atty., Asheville, N.C., on brief) for appellant.

Gary S. Smithwick (Keith & Smithwick, Winston-Salem, N.C., Charles E. McCartney, Jr., Yelton, Farfour & McCartney, P.A., Shelby, N.C., on brief), for appellee.

Before RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

MURNAGHAN, Circuit Judge:

Douglas Gilman Brown, pursuant to a plea agreement, on August 5, 1985 pleaded guilty to charges under 47 U.S.C. § 302a of unlawfully manufacturing, selling and shipping electrical items commonly known as "linear amplifiers" which could be used to increase beyond legal limits the power and range of citizens band radios. A condition of the plea agreement concerned the matter of forfeiture of certain manufactured items involved, providing that the "forfeiture provided in the information will be held in abeyance until the date of the plea to determine whether Douglas Gilman Brown can lawfully possess the items seized for the purposes of shipping said items out of the country for sale and, if so, to permit the court to determine if the forfeiture is appropriate."

Brown pled guilty on August 5, 1985, to three counts in the 23 count information, was sentenced, and paid a $10,000 fine. A total of approximately 340 complete or substantially complete linear amplifiers had been seized on August 9, 1984 from Brown and his co-defendants during execution of a search warrant. The information filed on March 28, 1985 contained a notice of forfeiture of all such materials seized.

Brown paid the fine in full on August 13, 1985. On September 5, 1985, the Government moved for forfeiture. By motion and response filed October 2, 1985, Brown op-

posed the Government's forfeiture motion, requesting an opportunity to find a foreign buyer. Permission was granted to him and he was successful in locating an off-shore purchaser, a company in the British West Indies. An order of November 1, 1985, then was forthcoming permitting the export sale of the items seized, first applying the proceeds to seizure storage fees and to the fine imposed on Brown, with any surplus going to him.

The statute providing for forfeiture, 47 U.S.C. § 510, provides that upon forfeiture property may be forwarded to the Federal Communications Commission or sold by the Attorney General if not harmful to the public, with the proceeds deposited in the United States Treasury. A supporting basis for the forfeiture appears in 47 U.S.C. § 302a(a) dealing with the potential of devices which are capable of causing harmful interference to radio communications. That subsection, however, is made inapplicable by 47 U.S.C. § 302a(c) to "devices, ... equipment and systems manufactured solely for export."

It appears that the district court misread the scope of that language creating an exception. It was influenced by the fact that the items would be "for export" under the arrangements worked out with a purchaser in the British West Indies. However, the approach of the district judge overlooked that the exception is applicable only to devices, equipment and systems *"manufactured solely* for export." *Cf. United States v. Articles of Hazardous Substance,* 588 F.2d 39, 44 (4th Cir.1978).[1]

■ Nor does the language of 47 U.S.C. § 510(a) cast in permissive rather than peremptory terms ("may be seized and forfeited to the United States") grant discretion over whether to grant forfeiture to the district court. Whatever discretion may be present in 47 U.S.C. § 510(a) appears to

vest in the Attorney General. 47 U.S.C. § 510(b).

The Conference report for what has become 47 U.S.C. § 510 provides:

> In carrying out these statutory responsibilities, the Commission has repeatedly encountered situations where, notwithstanding the conviction or judgment against an individual for violating one of these sections, the court has returned the illegal equipment to the defendant.

> The Conference substitute provision remedies this problem.

H.R.Rep. No. 97–765, 97th Cong., 2d Sess. 59 (1982), *reprinted in* 1982 U.S.Code Cong. & Admin.News 2237, 2303. The Senate report indicates that the forfeiture provision was intended primarily to prevent the defendant from receiving the goods back again.

■ A review of the record discloses that the items here involved were manufactured with the intent to sell or otherwise dispose of them within the United States for purposes not exclusively involving exportation. Consequently, the basis on which forfeiture was avoided was incorrect.

Accordingly, the judgment of the district court is reversed and the case remanded with an order to direct forfeiture in a manner consistent with the provisions of this opinion.

**REVERSED AND REMANDED.**

---

1. The plea agreement left in abeyance whether, in accordance with law "Douglas Gilman Brown can lawfully possess the items seized for the purpose of shipping said items out of the country for sale and, if so, to permit the court to determine if the forfeiture is appropriate." The Government purported to consent to discretion in the district judge over whether to forfeit, *if* sale outside the United States by Brown would be permissible. However, such a sale by Brown would not be permissible. The extent of the Government's power to confer discretion on the district court, not called for in the statute, therefore, need not be addressed.